# The County of Forest *versus* The House of Refuge of Western Pennsylvania.

The expenses of maintaining an infant committed to the House of Refuge of Western Pennsylvania are to be borne by the county of his residence, notwithstanding he may have been committed by a magistrate of another county.

October 21st 1869.　Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Forest county:* No. 198, to October and November Term 1869.

This was an action of assumpsit brought June 9th 1868 by The House of Refuge of Western Pennsylvania against the county of Forest, for the expenses of the maintenance by the plaintiff of Garrett A. Wynkoop, a minor, committed to their custody.

The jury found a special verdict as follows:—

"We find that Garrett A. Wynkoop resided in Forest county for four years and upwards, immediately previous to his commitment to the House of Refuge, that on the 29th day of April 1865 he was committed to the said House of Refuge of Western Pennsylvania, by the mayor of Allegheny City, endorsed by one of the judges of Allegheny county, that by virtue thereof the said Garrett A. Wynkoop has been kept and supported by said House of Refuge from that time till the 11th day of April 1868. If, under these facts, the county of Forest is liable for the support of said boy, we find for the plaintiff $504.44. If, under the facts, the county of Forest is not liable, then we find for the defendant."

The court entered judgment for the plaintiff on the verdict, which was assigned for error by the defendant on the removal of the case to the Supreme Court.

*B. J. Reid*, for plaintiff in error.—The Act of April 11th 1868, Pamph. L. 847, is not retrospective; it is as follows:— "That the county chargeable with the expenses of any child committed to the House of Refuge of Western Pennsylvania, shall be the county in which the parents of said child reside, or if there be no parents living or resident within this Commonwealth, then said expense shall be charged to the county wherein the person committed may have last resided for a period not less than ninety consecutive days."

He referred to the Act of April 22d 1850, Pamph. L. 538, Purd. 531, creating the House of Refuge. The act provides that children convicted, &c., shall be maintained, &c., at the expense of the "proper county from which they came." This means the county in which they are convicted: Act of April 23d 1829, § 9, 10 Sm. L. 431, Purd. 787, pl. 11, relating to penitentiaries; Act of April 16th 1857, § 1, Pamph. L. 219, Purd. 533, pl. 23.

[County of Forest *v.* House of Refuge.]

*G. W. Lathy*, for defendant in error, referred to and commented on the same Acts of Assembly.

The opinion of the court was delivered, November 4th 1869, by READ, J.—By the Act of 11th April 1868, the county of Forest is chargeable with the expenses of the minor, Garrett A. Wynkoop, in the House of Refuge of Western Pennsylvania, from its date; and the courts, upon a fair construction of the preceding acts, have arrived at the conclusion, that this was also the rule before its passage. This seems reasonable, and it is supported by the difference not only of language, but of the subject-matter between persons convicted of crimes and sentenced to the Eastern or Western Penitentiaries, the expenses of keeping whom are necessarily borne by the respective counties in which they are convicted; and vicious and incorrigible children who may be committed to the House of Refuge by any mayor of any city, alderman or justice of the peace within the western district.

By the 19th section of the Act of 22d April 1850 as amended by the 1st section of the Act of 16th April 1857, the children received by the managers of the House of Refuge " shall be clothed, maintained and *instructed* by the said managers at the public expense of the *proper county from which they came.*"

There can be no doubt of the meaning of this language, particularly when we consider it in connection with the policy adopted towards the insane and the poor. The construction contended for by the counsel of the defendant would have made it the interest of the other counties to have all their incorrigible children committed by the mayor of Pittsburg, which would have shifted the burden from their shoulders to those of the county of Allegheny.

Judgment affirmed.

THOMPSON, C. J., dissented.